Opinion issued March 8, 2012.

 



 

 

 

 

              

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO.
01-12-00030-CR

NO.
01-12-00031-CR

NO.
01-12-00032-CR

NO.
01-12-00033-CR

____________

 

DIJWUN GABRIEL MORGAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 177th District Court 

Harris County, Texas

Trial Court Cause Nos. 1280585, 1280892, 1280894, and
1290398

 

 



MEMORANDUM
OPINION








               Appellant,
Dijwun Gabriel Morgan, attempts to appeal his September
30, 2011 convictions on four counts of the offense of aggravated robbery with a
deadly weapon.  Under Texas Rule of
Appellate Procedure 26.2(a), a notice of appeal was due on or before October
31, 2011.  See Tex. R.
App. P. 26.2(a).  Appellant filed his notice of appeal on January
3, 2012.  In addition, the trial court’s
certifications of Appellant’s right to appeal state that these are plea bargain
cases and that the defendant has no right of appeal.  See Tex. R. App. P. 25.2(a)(2).

               A
notice of appeal that complies with the requirements of Rule 26 is essential to
vest this court with jurisdiction.  See Slaton v. State, 981
S.W.2d 208, 210 (Tex. Crim. App. 1998).  The court of criminal appeals has expressly
held that, without a timely filed notice of appeal or motion for extension of
time, we cannot exercise jurisdiction over an appeal.  See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.
App. 1996); see also Slaton, 981
S.W.2d at 210.

Because the notice of appeal in these cases was untimely, we have no
basis for jurisdiction over these appeals.  Accordingly, we dismiss the appeals for want
of jurisdiction.  See Tex. R.
App. P. 25.2(d), 42.3(a), 43.2(f).  We dismiss all pending motions as
moot.

PER CURIAM

Panel consists of Justices Keyes, Bland,
and Sharp. 

Do not publish.   Tex. R. App. P. 47.2(b).